UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE SPENSLEY,
    Plaintiff,

-vs.-                                    **DEMAND FOR JURY TRIAL**

FIRST SOURCE ADVANTAGE, LLC
A New York Limited Liability Company,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Suzanne Spensley, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC") and the Telephone Consumer Protection Act at 47 U.S.C. 227(a)(1).

## JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

1

## PARTIES

4. Plaintiff is a natural person residing in Wayne County, Michigan. Mrs. Spensley is a "consumer" and "person" as the terms are defined and used in the FDCPA. Mrs. Spensley is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is First Source Advantage, LLC which is a New York company that maintains registered offices in Bingham Farms, Oakland County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

7. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff's mother.

9. Defendant has been calling Mrs. Spensley's cellular phone using equipment that automates the dialing process. When Plaintiff answers the phone, sometimes it is silent for a few seconds and then a live person comes on the phone.

10. Defendant called Mrs. on the following dates:
    a. June 24, 2015;
    b. June 25, 2015;

    c. July 1, 2015;
    d. July 8, 2015;
    e. July 11, 2015; and
    f. July 16, 2015.

11. When Defendant called Mrs. Spensley on July 16, 2015, she spoke with a representative after a few seconds of silence. Mrs. Spensley told the representative that it was calling her over her mother's debt and that the number it was calling did not belong to her mother.

12. Defendant proceeded to call Mrs. Spensley again on July 17, 2015. During this conversation, Mrs. Spensley told Defendant again that it was calling the wrong number.

13. Defendant proceeded to call Plaintiff again on the following dates:

    a. July 18, 2015;
    b. July 20, 2015;
    c. July 21, 2015-two times;
    d. July 22, 2015-two times;
    e. July 23, 2015-two times; and
    f. July 24, 2015.

14. Mrs. Spensley had no previous business relationship with respect to her mother's alleged debt. At no time did Mrs. Spensley give Defendant permission to contact her on her cellular telephone for any business related to her mother's alleged debt.

## COUNT I- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff incorporates the preceding allegations.

16. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Mrs. Spensley is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's actions in attempting to collect the Debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692c(b) by communicating with Mrs. Spensley in regard to a debt that does not belong to her.

    b. 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt.

    c. 15 U.S.C. §1692d(5) by causing Mrs. Spensley's phone to ring repeatedly or continuously with intent to annoy after she advised Defendant that her mother did not live with her and that the number it was calling did not belong to her mother.

    d. 15 U.S.C. §1692f(1) by attempting to collect a debt not permitted by law from Mrs. Spensley given that the debt belongs to Mrs. Spensley's mother.

19. Mrs. Spensley has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Mrs. Spensley incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Mrs. Spensley is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915 (n) by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring repeatedly or continuously after Mrs. Spensley told Defendant that the phone number it was calling did not belong to her mother.

    b. MCL §339.915 (q) by failing to implement a procedure designed to prevent a violation by an employee.

24. Mrs. Spensley has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Mrs. Spensley incorporates the preceding allegations by reference.

27. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

28. Mrs. Spensley is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring repeatedly or continuously after Mrs. Spensley told Defendant that the phone number it was calling did not belong to her mother.

    b. MCL §445.252 (q) by failing to implement a procedure designed to prevent a violation by an employee.

30. Mrs. Spensley has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

### COUNT IV - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

32. Mrs. Spensley reincorporates the preceding allegations by reference.

33. At all relevant times, Defendant, upon information and belief, was using an "automatic telephone dialing system" in connection with its offending contacts with Mrs. Spensley as that term is defined at 47 U.S.C. 227(a)(1).

34. At no time has the Defendant ever had an "established business relationship" with Mrs. Spensley as that term is defined at 47 U.S.C. 227(a)(2).

35. Mrs. Spensley is a "consumer" for purposes of the FDCPA and the debt at issue is a consumer debt.

36. In violation of the proscription against contacting persons on cellular telephones, the Defendant made several contacts in contravention of 47 USC 227(b)(1)(iii).

37. These violations of this statute were all willful.

38. Mrs. Spensley has suffered damages as a result of these violations of the Telephone Consumer Protection Act at 47 U.S.C. 227(b)(3).

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMND FOR JUDGMENT FOR RELIEF

Accordingly, Mrs. Spensley requests that the Court grant her the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorneys' fees.

Respectfully submitted,

August 13, 2015

/s/ Gary Nitzkin
      GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com